**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

JESUS ACUNA

VERSUS

WARDEN JENA/LASALLE DETENTION
FACILITY, ET AL.

CIVIL ACTION NO. 26-0979

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE PEREZ-MONTES

**MEMORANDUM ORDER**

Before the Court is Petitioner Jesus Acuna's ("Petitioner") Motion to Prevent Transfer Out of the State of Louisiana Pending Habeas Proceedings (Record Document 4). Petitioner, who is currently detained at the Jena/LaSalle Detention Facility in Louisiana, submits that any transfer would interfere with this Court's ability to effectively review and adjudicate his Habeas Petition, which challenges the legality of his continued detention.  See id.

While not titled as such, Petitioner seeks emergency injunctive relief in the instant motion.  An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999)

(explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner requests that Respondents be prohibited from transferring him out of the State of Louisiana during the pendency of his habeas proceeding.  "Mere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that he will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with Respondents' need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Prevent Transfer Out of the State of Louisiana Pending Habeas Proceedings (Record Document 4) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of May, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

2