a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JESUS ACUNA #A074-025-100, Petitioner | CIVIL DOCKET NO. 1:26-CV-00979 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN JENA / LASALLE DETENTION FACILITY ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 5) and a Motion for Discovery (ECF No. 17) filed by Petitioner Jesus Acuna ("Acuna").

Rule 6 of the Rules Governing Section 2254 Cases, applied here under Rule 1(b), permits habeas discovery only "for good cause," and requires the movant to "provide reasons for the request" and specify the documents sought. Rules Governing § 2254 Cases R. 1(b), 6(a)–(b). A habeas petitioner "is not entitled to discovery as a matter of ordinary course"; the district court's discretion controls the scope of any discovery it authorizes. *Bracy v. Gramley*, 520 U.S. 899, 904, 909 (1997). And ordinary civil discovery rules do not automatically apply in habeas; a court must narrowly fashion any discovery to develop facts needed to resolve a properly supported claim. *See, e.g.*, *Monko v. Senkowski*, No. 97-CV-2895, 2009 WL 10441652,

at *2 (E.D.N.Y. July 6, 2009), *aff'd as modified,* No. CIV.A. 97-2895, 2015 WL 5076902 (E.D.N.Y. Aug. 27, 2015).

A movant must state specific, non-conclusory allegations establishing a prima facie claim before discovery is warranted, and "Rule 6 does not authorize fishing expeditions." *Murphy v. Johnson*, 205 F.3d 809, 814–16 (5th Cir. 2000); *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). These constraints govern § 2241 proceedings equally, since Rule 1(b) imports the § 2254 discovery standard, and the Court's § 2241 immigration-habeas framework contemplates prompt adjudication rather than open-ended discovery. Rules Governing § 2254 Cases R. 1(b); Standing Order 1.74.

Acuna's Motion does not satisfy this standard. Acuna seeks the "full A-File" and "any other documentation" the Government might rely on (to be produced with the answer). The Motion does not, however, identify any discrete factual dispute, specific document, or other reason to believe discovery at this level of generality will be probative of the question of unlawful detention.

While not unreasonable, the Motion does not supply the case-specific good-cause showing that Rule 6 demands. *Bracy*, 520 U.S. at 908–09; *Harris*, 394 U.S. at 300. Seeking the "full A-file" plus an open-ended category of "any other documentation" *as part of the discovery process* mirrors ordinary civil discovery, which habeas practice does not permit as of right. *Bracy*, 520 U.S. at 904.

The Court recognizes that some courts have permitted A-file discovery in other immigration-habeas cases, but those cases involved concrete, already-framed factual

disputes and carefully limited scope, unlike here. *See Ramsundar v. Wolf*, No. 1:19-CV-00370 (W.D.N.Y. June 18, 2020) (compelling specific A-file materials after prior discovery orders and a developed record). No comparable factual predicate exists on this record.

However, two caveats must be noted. First, this ruling does not shield the Government from the burden of production or from scrutiny of all factual assertions and evidence submitted. from scrutiny. Rule 5, applied via Rule 1(b), already requires the Government to attach to its answer the record portions considered relevant. Rules Governing § 2254 Cases R. 1(b), 5(c). Consistent with that framework, if the Government relies in any response or brief on A-file materials or related records—including, but not limited to, ERO correspondence, consular communications, or removal-effort documentation—it must file those specific portions as exhibits, subject to any appropriate motion to seal. The Court will, where warranted, reject any factual assertion by the Government that lacks evidentiary support, and will closely scrutinize whatever evidence the Government submits in opposition to the Petition. But the Court need not employ habeas "discovery" as the vehicle for ensuring that scrutiny. This requirement preserves an adequate record without involving routine, preemptive A-file production. *Harris*, 394 U.S. at 295–300; *Bracy*, 520 U.S. at 904, 909.

Second, this ruling does not foreclose a narrower motion if a concrete dispute later emerges from the Government's filings or otherwise, provided Acuna identifies

specific documents and explains their materiality. *Bracy*, 520 U.S. at 908–09; *Murphy*, 205 F.3d at 815.

On the present showing, however, Acuna has not established good cause for the requested discovery. ACCORDINGLY, IT IS ORDERED that the Motion for Discovery (ECF No. 17) is DENIED.

However, to determine whether Acuna is entitled to relief, and in accordance with the Rules Governing Section 2254 Cases, and Standing Order 1.74, THE CLERK IS DIRECTED to serve a copy of the Petition (ECF No. 5) and a copy of this Order on:

- the United States, the United States Attorney General, and DHS/ICE, through the United States Attorney for the Western District of Louisiana at its designated email address for service; and

- the Warden where Petitioner is detained, by first-class mail.

IT IS ORDERED that a response to the Petition be filed within **21 days** after electronic service of the Petitions and this Order, with supporting summary judgment evidence, as described above.

IT IS FURTHER ORDERED that Petitioner shall have **seven days** to reply.

After the record is complete and delays have run, the Court will determine if an evidentiary hearing is necessary. If not, a Report and Recommendation will be issued without further notice.

SIGNED on Monday, August 24, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE